UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE TERRILL MOORE,

       Petitioner,

v.                                                   Case No. 2:07-cv-231
                                                     HON. R. ALLAN EDGAR

JEFF WHITE,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Andre Terrill Moore was convicted of possession with intent to deliver 50 to 449 grams of cocaine, MCL 333.7401(2)(a)(iii), and possession of marijuana, MCL 333.7403(2)(d),on August 4, 2005 in Cass County Circuit Court. Petitioner was also charged and acquitted of conspiracy to possess with intent to deliver cocaine, MCL § 333.7401(2)(a)(iii), and conspiracy to possess with intent to deliver marijuana, MCL § 333.7403(2)(d). On September 9, 2005, petitioner was sentenced as a second habitual under MCL § 769.10, to serve 5-30 years for the cocaine offense and 42 days for the marijuana offense.

        Petitioner filed this petition for writ of habeas corpus challenging his convictions and sentences. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner claims the following in his petition:

I. He was denied a fair trial when the trial court admitted irrelevant and unduly prejudicial testimony regarding an entirely unrelated drug transaction between two other individuals, which occurred at Mr. Moore's Grandmother's home while he was there visiting; and the trial defense counsel was ineffective for failing to object.

II. Trial court erred reversibly in instructing the jury that it must decide whether Mr. Moore's mere presence in the car and knowledge of the presence of drugs in the car, were sufficient to warrant conviction.

III. Substantial prosecutor misconduct deprived Mr. Moore of a fair trial where the prosecutor materially mischaracterized the evidence and the trial counsel was ineffective for failing to object.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that the trial court erred in allowing the admission of evidence of an unrelated drug transaction between Kevin Pompey, a confidential informant cooperating with the Cass County Drug Enforcement Team, and petitioner's cousin Henry Moore. Petitioner claims this evidence was irrelevant and unduly prejudicial and therefore violated his rights to due process and a fair trial.

Petitioner argues that the trial court abused its discretion and violated Michigan law when it admitted the propensity evidence in the form of other bad acts. However, the argument that state law was violated "is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a Petitioner to habeas corpus relief. *Estelle v. McGuire*, 502 U.S. at 67-8.

In the present case, the Michigan Court of Appeals explained:

> Defendant argues that the challenged evidence constituted impermissible bad-acts evidence because it implied that he participated in drug trafficking before his arrest. Pursuant to MRE 404(b), evidence of an individual's crimes, wrongs, or bad acts is inadmissible to show a propensity to commit such acts. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). Regardless whether the evidence was admissible under MRE 404(b), we find that the challenged evidence was properly admitted as part of the res gestae of the charged offenses. Normally, the facts and circumstances surrounding the commission of a crime are admissible as part of the res gestae, the complete story of the offense, *People v Bostic*, 110 Mich App 747, 749; 313 NW 2d 98 (1981); *People v Shannon*, 88 Mich App 138, 146; 276 NW2d 546 (1979), even when these antecedent events include other criminal acts, *People v. Delgado*, 404 Mich 76, 83; 273 NW2d 395 (1978). The challenged evidence

provided the jury with the full context in which the disputed event occurred. In particular, it explained why police officers stopped defendant and Michael. See *People v Scholl*, 453 Mich 730, 741-743; 556 NW2d 851 (1996).

Additionally, the challenged evidence was relevant. To be relevant, evidence must be material to a fact of consequence to the action. *People v Ackerman*, 257 Mich App 434, 439; 669 NW2d 818 (2003). Here, the prosecutor argued that the challenged evidence was relevant to establishing the defendant and Michael conspired with Henry to distribute drugs. We agree that the evidence was relevant for that reason. The informant testified that defendant and Michael spoke to Henry as Henry approached the informant's car and several witnesses indicated that defendant, Michael, and Henry left the scene immediately after spotting a nearby police vehicle.

Further, we disagree with defendant that the challenged evidence was unfairly prejudicial. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford, supra* at 398. Although it was relevant to establishing a conspiracy, we note that the jury acquitted defendant of all conspiracy charges. Thus, there is no evidence that the jury gave preemptive weight to the challenged evidence. The trial court did not err in admitting the evidence at issue.

To merit habeas relief, petitioner must prove that an evidentiary ruling is so egregious that it results in the denial of fundamental fairness. The disputed evidence was properly admitted to establish motive and intent to deliver cocaine and possession of marijuana. Petitioner's convictions arose from a traffic stop in which petitioner was a passenger in his uncle's car. The police uncovered almost 28 grams of marijuana, 18 grams of crack cocaine, 38 grams of powder cocaine, along with plastic bags, a razor blade, a bottle of ephedrine pills and a scale. Petitioner claimed he had no knowledge of previous narcotics transactions between his cousin, Henry Moore and Kevin Pompey.

Petitioner claims that his due process rights were violated when the prosecution introduced evidence of other bad acts that was not rationally connected to the crimes charged.

*Manning v. Rose*, 507 F2d 889, 894-895 (6th Cir. 1977). The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. For the reasons stated by the Michigan Court of Appeals, the challenged evidence was neither unfairly prejudicial nor irrelevant. Therefore, petitioner's claim that the admission of this evidence violated his due process rights lacks merit.

Petitioner also maintains that the failure of his trial counsel to object to the bad acts evidence was ineffective assistance of counsel. To prevail on this claim, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*,

142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. Petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In the opinion of the undersigned, petitioner's claim of ineffective assistance of counsel is without merit. The Michigan Court of Appeals reviewed this claim and held that the challenged evidence was properly admitted. Any objection by the defense counsel would have been futile. Therefore, petitioner's Sixth Amendment right was not violated because counsel was acting as a professional counsel, in knowing that the evidentiary claim could not be refuted. Moreover, Petitioner has not shown that counsel was so deficient as to prejudice the defense and render the trial unfair. In the opinion of the undersigned, petitioner is not entitled to habeas relief on this claim.

Petitioner's second claim asserts that the trial court erred by instructing the jury that it was required to decide whether petitioner's mere presence in the car and knowledge of the

presence of drugs, were sufficient to warrant conviction. The United States Supreme Court has held that there is no cognizable federal habeas action unless a jury instruction influenced the entire trial and the resulting conviction therefore violated due process. In order to show a constitutional violation, petitioner must demonstrate that the instruction violated due process. *Henderson v. Kibbe*, 431 U.S. 145, 153 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154.

In the present case, petitioner claims that his mere presence in the vehicle was not enough to prove the prosecution's case and that no direct evidence explicitly linked him to the convictions. The trial court did err with the jury instructions. The jury had submitted two questions to the judge asking, "What is the definition of the word 'possession'?" and "Just because someone knew drugs are near does it mean he has possession?" The judge instructed the jury on the definition of possession and on the second question he responded, "That is a question for you to decide. . . . You'll have to make that determination from the facts and circumstances in evidence in this case." The Michigan Court of Appeals agreed that the trial court improperly instructed the jury that it could decide whether mere knowledge of the presence of nearby drugs constitutes possession. The challenged instruction incorrectly implied that it may be unnecessary to establish control if the jury determined that mere knowledge is enough for a finding of possession.

However, the Michigan Court of Appeals ruled that the trial court did not commit error warranting reversal. For a habeas claim to succeed, this court must find that the instruction was so prejudicial that it violated the constitution and therefore the conviction violates due process. *Id.* The Michigan Court of Appeals concluded:

> Nevertheless, we conclude that the trial court did not commit error warranting reversal. Preserved instructional error will not result in reversal "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Cornell*, 466 Mich 335, 363-364; 646 NW2d 127 (2002), quoting *People v Lukity,* 460 Mich 484, 495-496; 596 NW2d 607 (1999). The defendant bears the burden of establishing error that warrants reversal. *People v Bartlett*, 231 Mich App 139, 144; 585 NW2d 341 (1998). Although the challenged instruction was potentially misleading, the standard instruction given by the trial court clearly states that possession requires actual control or the right of control. Furthermore, evidence that defendant pushed the cocaine between the seats of the vehicle, in an attempt to hide it from the police officers, was sufficient to establish beyond a reasonable doubt that defendant knew about the cocaine and exercised dominion over it. *People v Williams*, 268 Mich App 416, 422; 707 NW2d 624 (2005). Therefore, reversal is not warranted.

Petitioner argues that there is no direct evidence that he ever handled the drugs or knew they were in the car. Furthermore, petitioner claims that it is only due to the erroneous instruction regarding this element of the offense that the jury convicted him. However, while the jury instructions were potentially misleading, there was other evidence to support the jury's conviction, including evidence that petitioner pushed the cocaine between the seats of the vehicle, the fact that he admitted to possessing the marijuana, and that he was found with more than $1700.00, mostly twenty dollar bills, hidden in his underwear. In the opinion of the undersigned, the ailing instruction did not so infect the trial as to result in a conviction that violates due process. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal

law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his third claim, petitioner challenges his conviction on the grounds that there was substantial prosecutorial misconduct which deprived him of a fair trial because the prosecutor materially mischaracterized the evidence. In addition, petitioner claims that his trial counsel was ineffective for failing to object to the misconduct. The Michigan Court of Appeals rejected this claim:

> We review unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *People v Ackerman,* 257 Mich App 434, 439; 669 NW2d 818 (2003). The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). Prosecutorial comments must be read as a whole and evaluated in light of defense arguments and the relationship they bear to the evidence admitted at trial. *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005). A prosecutor may not make a statement of fact to the jury which is unsupported by the evidence, *Ackerman, supra* at 450, but she is free to argue the evidence and all reasonable inferences arising from it as they relate to her theory of the case, *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995).
>
> Defendant argues that the prosecutor mischaracterized evidence, or argued facts not in evidence, by stating that defendant spoke to Henry during his drug transaction with the informant. During her closing argument, the prosecutor stated in relevant part:
>
> You heard the testimony of Kevin Pompey that [defendant] had a conversation that he observed at the house with Henry Moore right during a drug deal transaction... and after they had contact you heard the testimony of Mr. Pompey that Mr. [Henry] Moore came to the vehicle and sold this cocaine to the undercover... Even [defendant] here says they were at that location. There was a conversation he had with Mr. Henry Moore.
>
> Defendant asserts that the prosecutor's references to the informant and defendant's testimonies were materially false. We find no merit

> to defendant's assertion as it relates to the informant's testimony. On direct examination, he indicated that he observed defendant talking to Henry immediately before the drug transaction. While, during cross-examination, the informant denied seeing any contact between defendant and Henry, this discrepancy does not render the prosecutor's argument improper. It is apparent that the prosecutor recited the portion of the informant's testimony supporting her theory of the case. On the other hand, we agree that the prosecutor committed misconduct by stating that defendant admitted to having a conversation with Henry, which was unsupported by the facts in evidence. *Ackerman, supra* at 450.
>
> Regardless, we find no merit to the argument that the prosecutor's misconduct was outcome determinative. *People v Caines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A prosecutor's isolated statement, even when improper, is subject to harmless error analysis. See *People v Armentero*, 148 Mich App 120, 134; 384 NW2d 98 (1986). The prosecutor made the challenged remarks in reference to defendant's conspiracy to distribute drugs, but the jury acquitted him on all conspiracy charges. And, there was more than sufficient evidence presented at the trial to convict defendant of possessing cocaine with intent to deliver. Furthermore, the trial court offered a limiting instruction to the jury, alleviating any prejudice to defendant. *Ackerman, supra* at 449. Reversal is not warranted.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from the alleged prosecutorial misconduct. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d

1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989).

In the present case, petitioner claims that he was denied a fair trial because the prosecutor mischaracterized the evidence in his closing arguments. However, looking at the prosecutor's statements and the evidence of record, the prosecutor did not misstate the evidence. Minor disparities between the closing statement and the evidence of record do not provide habeas relief unless the statements were so flagrant as to render the entire trial fundamentally unfair. The prosecutor's conduct was neither improper nor did it infect the trial with unfairness so as to make the conviction a denial of due process.

Furthermore, the Michigan Court of Appeals found no merit to the argument that the prosecutor's misconduct was outcome determinative. The prosecutor had made the challenged remarks in reference to the petitioner's conspiracy to distribute drugs. However, the jury acquitted petitioner of the conspiracy charges. There was more than sufficient evidence presented at trial to convict petitioner of possessing cocaine with intent to deliver. Therefore, the challenged remarks did not result in manifest injustice and Petitioner is not entitled to habeas relief on his prosecutorial misconduct claim. Moreover, petitioner has failed to show that counsel was ineffective on this issue. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. The petitioner has not shown in his second claim that the jury instructions unduly prejudiced the outcome of the trial. Nor did the petitioner prove in his third claim that the prosecutorial misconduct was unreasonable. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                /s/ Timothy P. Greeley
                TIMOTHY P. GREELEY
                UNITED STATES MAGISTRATE JUDGE

Dated:   June 25, 2010